UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL APPEAL

VERSUS                                           No. 05-149

FRANK J. ABBATE, JR.                             SECTION: "I"

                          **MEMORANDUM OPINION**

Before the Court is the appeal of Frank J. Abbate, Jr. ("appellant") from a misdemeanor conviction for violating a provision of the Migratory Bird Treaty Act ("MBTA"), 16 U.S.C. § 703, and its attendant regulation, 50 C.F.R. § 20.23.[1]  For the following reasons, this Court **AFFIRMS** appellant's conviction and sentence.

**I.  Procedural History and Statement of Facts**

On January 22, 2005, Louisiana Department of Wildlife and Fisheries Agent Aron Hastings ("Hastings") was on active duty, patrolling hunting areas in the Eastern District of Louisiana, when he heard a gun blast after legal shooting hours.  Hastings then spotted a lone hunter in the swamp and witnessed the hunter fire three additional shots.  Hastings tracked the activity of this hunter for nearly an hour and, upon intercepting him,

---

[1] Rec. Doc. No. 9.

performed a routine inspection of his credentials, equipment, and game.  Hastings, identifying the hunter as appellant, Frank Abbate, Jr., discovered two wood ducks in appellant's possession, and cited appellant for taking migratory birds after legal shooting hours in violation of 50 C.F.R. § 20.23.

On May 4, 2005, the United States charged appellant in a one-count bill of information with a misdemeanor, violations of 16 U.S.C. § 703 and 50 C.F.R. § 20.23, for taking or attempting to take wood ducks after legal shooting hours.[2]  Appellant consented to jurisdiction before United States Magistrate Judge Louis Moore, Jr. pursuant to Rule 58(b) of the Federal Rules of Criminal Procedure,[3] and he stood trial *pro se* after waiving his right to the assistance of counsel.[4]  At trial, Magistrate Judge Moore found appellant guilty of the offense charged and sentenced him to a two-year term of probation.[5]  As a special condition, the magistrate ordered that appellant pay a fine of $500 and refrain from hunting birds during the probationary period.[6]

Appellant, *pro se*, pursuant to Rule 58(g)(2)(B) of the Federal Rules of Criminal Procedure, appeals the magistrate

---

[2] Rec. Doc. No. 1.

[3] Rec. Doc. No. 4.

[4] Rec. Doc. No. 6; Rec. Doc. No. 13 at pp. 9-10.

[5] Rec. Doc. No. 8.

[6] Rec. Doc. No. 13 at p. 114.

court's judgment.[7]  Appellant argues that he fired no shots after legal shooting hours and he raises two legal issues:  (1) that the testimony of Hastings was insufficient to establish his guilt beyond a reasonable doubt, and (2) that the sentence and conditions imposed are unjustifiably harsh or excessive.[8]

**II. Discussion of Sufficiency of the Evidence Established by Testimony of Witnesses**

   **A. Standard of Review**

Appellant "is not entitled to a trial de novo by a district judge.  The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).  The standard of review in a non-jury trial is whether the verdict is supported by

---

[7] Rec. Doc. No. 9.

[8] Appellant raises a third issue: that his failure to frustrate the purpose of the MBTA should relieve him of guilt.  See Rec. Doc. No. 17 at pp. 8, 13.  Appellant, however, does not dispute that he took migratory game birds.  *See id.* at p. 8.  Without citing proper authority, appellant claims that the purpose of restricting legal shooting to daylight hours is to prevent the unintentional or indiscriminate taking of species not open to legal hunting.  *Id.*  Appellant concludes that he should be relieved of guilt because he took only species open to legal hunting.  *Id.*  Since the unambiguous text of 50 C.F.R. § 20.23 states that "tak[ing] migratory game birds" is an element of the offense (as opposed to taking species of migratory game birds not open to legal hunting), this Court rejects appellant's legislative intent argument.
   To the extent appellant's third ground may relate to a lack of intent to commit the offense charged, such an argument would also be unavailing.  The Fifth Circuit has noted that most misdemeanor offenses under the MBTA do not require *a mens rea* element as they are strict liability offenses.  *United States v. Morgan*, 311 F.3d 611, 614-15 (5th Cir. 2002) (distinguishing "baiting" crimes which do require a minimal level of *scienter*); *United States v. Stephans*, 142 F. App'x 821 (5th Cir. 2005) (unpublished opinion) (recognizing that a violation of the MBTA is a strict liability offense).  Moreover, even if appellant's offense were determined to require *scienter*, *see United States v. Terry*, CRIM. 89-338, 1990 WL 43927, *2 (E.D. La. Apr. 11, 1990), the evidence at trial established that appellant knew or should have known that his actions were in violation of the law.

"substantial evidence," *i.e.*, whether the evidence is sufficient to justify the trial judge's conclusion that the defendant was guilty beyond a reasonable doubt.  *United States v. Lee*, 217 F.3d 284, 288 (5th Cir. 2000); *see Gordon v. United States*, 438 F.2d 858, 868 n.30 (5th Cir. 1971); *see also United States v. Cardenas*, 9 F.3d 1139, 1156 (5th Cir. 1993) (citing *Gordon*, 438 F.2d at 868 n.30); *United States v. Jennings*, 726 F.2d 189, 190 (5th Cir. 1984) (citing *Gordon*, 438 F.2d at 868 n.30).

In reviewing the sufficiency of evidence, this Court must view the evidence in the light most favorable to the government, deferring to reasonable inferences of the trial court, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Bellew*, 369 F.3d 450, 452 (5th Cir. 2004) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Cardenas*, 9 F.3d at 1156.  Furthermore, sufficient evidence "need not exclude every reasonable hypothesis of innocence, so long as the totality of the evidence permits a conclusion of guilt beyond a reasonable doubt."  *United States v. Hicks*, 389 F.3d 514, 533 (5th Cir. 2004) (citing *United States v. Vasquez*, 953 F.2d 176, 181 (5th Cir. 1992)).

**B. Analysis**

In order to establish the charged offense,[9] the government had the burden at trial of proving beyond a reasonable doubt (1) that appellant took or attempted to take migratory game birds and (2) that appellant did so after legal shooting hours.[10]  Neither at trial nor upon appeal does appellant deny that he took migratory birds.  Instead, appellant claims that the evidence at trial was insufficient to establish that he did so after legal shooting hours.  Appellant argues that Hastings's testimony is questionable or fabricated and he presents multiple challenges thereto, specifically disputing evidence established at trial and alleging theories conflicting with evidence established at trial.

Appellant petitions this Court to review his portrayal of the facts and reconsider the credibility of the witnesses and

---

[9] 16 U.S.C. § 703(a) states: "Unless and except as permitted by regulations made as hereinafter provided in this subchapter, it shall be unlawful at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, attempt to take, capture, or kill . . . any migratory bird . . . included in the terms of the conventions between the United States and [other nations]."
    Section 20.23 of Title 50 of the Code of Federal Regulations states:  "No person shall take migratory game birds except during the hours open to shooting . . . ."  50 C.F.R. § 20.23.
    On January 22, 2005, legal shooting hours for the area where appellant was hunting ended at 5:32 p.m.  Rec. Doc. No. 13 at pp. 31-32.  Hastings testified that he heard the first shot on that day at 5:33 p.m.  *Id.* at p. 32.  Hastings testified that he heard the subsequent shots at 5:53 p.m., 5:54 p.m., and 6:00 p.m.  *Id.* at pp. 27-28.  According to Hastings, all times were verified by GPS, global positioning system.  *Id.*

[10] 50 C.F.R. § 10.12 defines "take" as "to pursue, hunt, shoot, wound, kill, trap, capture, or collect, or attempt to pursue, hunt, shoot, wound, kill, trap, capture, or collect."
    50 C.F.R. § 20.11 defines "migratory game birds" as "those migratory birds included in the terms of conventions between the United States and any foreign country for the protection of migratory birds, for which open seasons are prescribed in this part and belong[ing] to [certain families of birds]."

evidence in light of the arguments and allegations presented in his appellate brief.  However, rules of procedure governing this appeal preclude appellant from receiving a trial de novo.  *See* Fed. R. Crim. P. 58(g)(2)(D).  This Court must, when an appeal raises a conflict over testimony, defer to the factfinder's determinations of the weight and credibility of evidence.  *Hicks*, 389 F.3d at 533.  This Court "may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the [trial] court at the time of the challenged ruling."  *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).  Accordingly, this Court cannot consider new facts which appellant did not allege at trial[11] and it shall disregard appellant's arguments which raise conflict over the weight and credibility of testimony.[12]

Considering the evidence in the light most favorable to the government, a rational trier of fact could conclude, as did the magistrate judge, that the evidence established beyond a

---

[11] For example, appellant alleges that his truck is of a make different than that alleged at trial.  *See* Rec. Doc. No. 17 at 5.  Also, appellant wishes to produce witnesses not present at trial to establish evidence in support of arguments presented at trial.  *Id.* at 2-6.

[12] Appellant presents the following arguments, each of which he presented at trial, to impeach the credibility of Hastings: whether the light conditions would have prevented Hastings from observing appellant's activity in the swamp, whether Hastings actually walked through the swamp as he claims and if he could have done so without wearing chest waders, whether appellant used or possessed decoys and a camouflage hat, whether Hastings provided at trial an accurate geographic description of the hunting area, whether appellant's dog was covered in mud, whether Hastings misrepresented the content of his verbal exchange with appellant, and whether there were any other hunters present at the time and place of the offense.  *Id.*

reasonable doubt that appellant took migratory game birds, namely wood ducks, after legal shooting hours.[13]  The trial court was presented with conflicting testimony and the court chose to believe Hastings because he recorded his observations and presented the facts with greater specificity.[14]

The trial court also considered the credibility of Hastings's testimony and whether Hastings might have seen or heard a different hunter shooting.[15]  Due to a lack of contrary evidence and the absence of a motive for fabrication, the court chose to believe Hastings's testimony that no other hunters were present.  It is immaterial whether the facts which appellant now alleges may constitute a "reasonable hypothesis of innocence," since the totality of the circumstances considered at trial provides a basis upon which a rational trier of fact could conclude that appellant took migratory birds past legal shooting hours.  *See Hicks*, 389 F.3d at 533.

---

[13] Although appellant disputes shooting after legal hours, Hastings testified at trial that appellant fired multiple shots after legal shooting hours.  *See* Rec. Doc. No. 13 at pp. 24-29; *supra* note 9.  Hastings also testified that when he asked Abbate why he shot "all the way up until 6:00," Abbate stated that he did not know why.  Rec. Doc. No. 13 at p. 36.

[14] Rec. Doc. No. 13 at pp. 106-07.

[15] Rec. Doc. No. 13 at pp. 106-10.

**III. Discussion of the Reasonableness of Appellant's Sentence**

    **A. Standard of Review**

This Court shall review "[a]n appeal of an otherwise final sentence imposed by a United States magistrate judge . . . as though the appeal were to a court of appeals from a sentence imposed by a district court." 18 U.S.C. § 3742(h).[16] Since the United States Sentencing Guidelines do not apply to appellant's offense,[17] this Court must affirm the sentence imposed unless it violates the law or it is "plainly unreasonable." 18 U.S.C. § 3742(e)(1), (e)(4).

A trial court has the authority to sentence a defendant convicted of a misdemeanor to a term of probation for a period not to exceed five years. 18 U.S.C. § 3561(c)(2). Exercising its discretion, the court may impose conditions on probation "to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions . . . are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. §

---

[16] 18 U.S.C. § 3742(h) provides:
An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this section shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court.

[17] Because appellant was convicted of a Class B misdemeanor punishable by a term of imprisonment not exceeding six months, the United States Sentencing Guidelines do not apply to his offense. *See* 16 U.S.C. § 707(a); 18 U.S.C. § 3559(a)(7); U.S. SENTENCING GUIDELINES MANUAL § 1B1.9 (2005).

3563(b).  This Court shall review the imposition of special conditions for abuse of discretion.  *United States v. Merritt*, 639 F.2d 254, 256 (5th Cir. 1981) (citing *United States v. McCleod*, 608 F.2d 1076, 1078 (5th Cir. 1979)).[18]

**B. Analysis**

The MBTA provides a maximum term of imprisonment of not more than six months and a fine not exceeding $15,000 for a violation of or a failure to comply with its provisions.  16 U.S.C. § 707(a).  Upon finding appellant guilty of violating a provision of the MBTA and its attendant regulation, the magistrate judge placed appellant on probation for two years with a special condition that appellant pay $500 in fines and refrain from hunting birds during the probationary period — a penalty well below the statutory maximum.

Discretionary conditions on appellant's probation must be reasonably related to the applicable factors set forth in section

---

[18] As the government contends, appellant did not object to his conditions of probation at the time of sentencing.  Rec. Doc. No. 18, government's brief (citing trial transcript at p. 114).  The government concedes, however, that appellant did inquire at trial as to why the sentence was so harsh.
   "Matters mentioned on appeal for the first time will not be recognized unless they rise to the level of plain error."  *McCleod*, 608 F.2d at 1078.  In such a situation, the reviewing court may not correct an error "'unless there is (1) error, (2) that is plain, and (3) that affects substantial rights.'"  *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005) (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002)).  If all three conditions are satisfied, the "'court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.*
   Notwithstanding appellant's failure to formally object to his sentence at trial, the Court will afford the *pro se* appellant the benefit of reviewing his sentence under the abuse of discretion standard of review, a less demanding standard than plain error, pretermitting a determination of plain error.

3553(a), i.e., the nature and circumstances of the offense and appellant's history and characteristics; the need to provide just punishment for the offense, reflecting on the seriousness of the offense; the need to afford adequate deterrence to criminal conduct; and the need to protect the public from further crimes by appellant.  18 U.S.C. § 3563(b); *see* 18 U.S.C. § 3553(a)(1)-(2).

In this case, the magistrate judge did not abuse his discretion in revoking appellant's bird hunting privileges for two years because: (1) the magistrate was aware that appellant has a prior conviction for hunting birds in violation of the MBTA, *see* § 3553(a)(1); (2) the magistrate considered that Congress recently increased the maximum penalties for wildlife violations, *see* § 3553(a)(2)(A); (3) publication of appellant's offense gave the magistrate judge reason to believe that appellant's sentence would deter criminal conduct, *see* § 3553(a)(2)(B); and (4) the revocation of appellant's hunting privileges appears reasonably calculated to prevent further violations of the MBTA by appellant, *see* § 3553(a)(2)(C). Accordingly, this Court finds that the revocation of appellant's hunting privileges for two years is reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1)-(2).

Appellant argues that the conditions imposed by the sentence are harsh in comparison to the sentences of others similarly

situated.[19]  However, it is within the trial court's proper exercise of discretion to impose a sentence within the limits of the MBTA, notwithstanding the fact that the penalty might be "unusually harsh by comparison with other cases of [a] similar nature."  See *De Mars v. United States*, 254 F.2d 594, 595 (6th Cir. 1958) (per curiam) (addressing violation of the MBTA).  Since the sentence imposed was well below the limits prescribed by 16 U.S.C. § 707 and was reasonably related to the factors set forth in § 3553(a), this Court cannot say that the magistrate judge abused his discretion or imposed a sentence which was plainly unreasonable.

For the above and foregoing reasons, the appellant's conviction and sentence are **AFFIRMED,** and appellant's request for oral argument is **DENIED.**

New Orleans, Louisiana, June __16th__, 2006.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[19] *See* Rec. Doc. No 17 at 7.  Appellant attaches eight (8) recent duck hunting case synopses from the Louisiana Department of Wildlife and Fisheries website where hunters were sentenced to various fines and terms of probation less than appellant received.  *Id.*, attachment 1.